James M. Green, Bar No. 032211
Quarracy L. Smith, Bar No. 033515
Smith & Green, Attorneys at Law, P.L.L.C.
3101 N. Central Ave., Suite 690
Phoenix, Arizona 85012
Telephone: (602)-812-4600
jgreen@smithgreenlaw.com
qsmith@smithgreenlaw.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Parrish Cruz, an individual;<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>WM Corporate Services, Inc., a Delaware corporation;<br><br>　　　　Defendants. | Case No.<br><br>**COMPLAINT**<br><br>Jury Trial Demanded |

Parrish Cruz, ("Plaintiff" or "Mr. Cruz") by and through undersigned counsel, for his complaint against WM Corporate Services, Inc., ("Defendant"), a Delaware corporation, allege as follows:

### JURISDICTION, PARTIES, AND VENUE

1. This action is authorized and instituted pursuant to 42 U.S.C. § 12101, et seq., which is also known as the American Disabilities Act ("ADA").

2. Jurisdiction is proper pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367(a).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b).

4. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

5. Plaintiff, at all times material hereto, resided in Maricopa County, Arizona.

6. Defendant, at all times material hereto, was a Delaware corporation that continuously operated within the state of Arizona.

7. Defendant, at all times material hereto, employed at least 15 employees.

## STATEMENT OF FACTS

8. Mr. Cruz suffers from Type I Diabetes and is insulin dependent, which requires Mr. Cruz to routinely attend medical appointments, test his blood sugar levels, take medication, eat snacks, and take other action as required to regulate his blood sugar levels.

9. On February 6, 2017, Defendant hired Mr. Cruz as a Customer Service Representative I to work in a call center located in Phoenix, Arizona.

10. In May 2017, Mr. Cruz disclosed his disabling medical condition in order to request a reasonable accommodation.

11. Beginning when Alyssa Klokner and Brenda Gipson were hired in 2019, Mr. Cruz was harassed almost daily regarding his time and attendance, which involved these two supervisors routinely making disparaging comments about his time off.

12. Ms. Gipson and Ms. Klokner frequently confronted Mr. Cruz to question his commitment to the company as a result of his time away from work to attend medical appointments.

13.  On one occasion, Ms. Klokner instructed Mr. Cruz to lift up his shirt in front of other coworkers in order to reveal the insulin port that was implanted in Mr. Cruz's abdomen, which was degrading and humiliating to Mr. Cruz.

14.  Ms. Klokner and Ms. Gipson often disclosed information related to Mr. Cruz's disability to individuals that had no legitimate business reason to know his confidential medical information.

15.  While on leave related to his disability in 2019, Ms. Gipson emailed Mr. Cruz a lengthy questionnaire that solicited detailed information about his disability.

16.  In May 2020, Mr. Cruz was advised by Amy Cook that Ms. Klokner had taken disciplinary action against Mr. Cruz by giving him an occurrence for taking time off work to attend a medical appointment.

17.  Mr. Cruz made numerous complaints to the company ethics line in an effort to stop the ongoing harassment of his supervisors.

18.  Mr. Cruz spoke to Mr. Sean Parker, Sr. Human Resources Generalist about filing a charge of discrimination with the U.S. Equal Employment Opportunity Commission (EEOC), and was initially deterred from filing a charge of discrimination based on Mr. Parker's statement to Mr. Cruz that if he when through with something like that, Mr. Parker would no longer accommodate Mr. Cruz.

19.  Mr. Cruz filed a charge of discrimination with EEOC and the Arizona Civil Rights Division (ACRD), and the investigation was completed on April 14, 2021.

20.  As of the date of this complaint, it has been less than ninety (90) days since Mr. Cruz was issued a Notice of Right to Sue from the EEOC. A copy of the Notice of

Right to Sue is attached as Exhibit A and incorporated by reference herein.

**FIRST CAUSE ACTION- HARASSMENT UNDER THE ADA**

(42 U.S.C. §12112, et seq.)

21. Mr. Cruz realleges and incorporates by reference all previous allegations contained in the foregoing paragraphs as though fully set forth herein.

22. Mr. Cruz is a qualified individual under 42 U.S.C. §12111(8) of the American Disabilities Act ("ADA"), because he is an individual who, with reasonable accommodation, can perform the essential functions of his employment position.

23. Mr. Cruz's disability substantially limited numerous major life activities, including, but not limited to, his ability to work without adequate accommodations that allowed him to attend medical appointments, take medication, and monitor his blood sugar levels.

24. To perform the essential functions his job, Mr. Cruz needed Defendant to accommodate his disability by allowing him to take breaks to test his blood sugar levels, take medications, and attend medical appointments.

25. Defendant subjected Mr. Cruz to unjustified harassment by and through its managers, who frequently confronted Mr. Cruz and questioned his dedication to the job, took disciplinary action against him, and accused him of missing too much work.

26. Therefore, Defendant is liable for harassment of Mr. Cruz under the ADA.

**SECOND CAUSE ACTION- DENIAL OF REASONABLE ACCOMMODATION**

(42 U.S.C. §12112, et seq.)

27. Mr. Cruz realleges and incorporates by reference all previous allegations

contained in the foregoing paragraphs as though fully set forth herein.

28.  Mr. Cruz was initially approved for 50-minute breaks that allowed for a sufficient amount of time to test his blood sugar levels and tend to his medical needs.

29.  Without discussion and without justification, Mr. Cruz was told that his breaks should be no longer than 30 minutes, which was – in many cases – an insufficient amount of time to tend to his medical needs.

30.  Mr. Cruz' supervisors harassed him for returning from his breaks when it took longer than 30 minutes to test his blood sugar levels and take his insulin, despite the fact that he had already advised that 30 minutes was an insufficient amount of time.

31.  Therefore, Defendant is liable under the ADA for denying Mr. Cruz of a reasonable accommodation.

## THIRD CAUSE OF ACTION- RETALIATION

(42 U.S.C. §12112, et seq.)

32.  Mr. Cruz realleges and incorporates by reference all previous allegations contained in the foregoing paragraphs as though fully set forth herein.

33.  Mr. Cruz engaged in protected activity by making a complaint of discrimination with the company ethics line, by discussing discrimination complaints with Human Resources, and by filing a charge of discrimination with EEOC and ACRD.

34.  After engaging in protected activity, Mr. Cruz was subjected to additional harassment and discriminatory treatment.

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. Cruz prays for the following relief from Defendant:

A. For compensatory damages in the amount to be proven at trial, but not less than $75,000.

B. All other non-pecuniary damages as to be proven at trial;

C. Punitive damages;

D. Any non-monetary relief the court deems just and proper;

E. Attorney's Fees and other associated costs of litigation; and

F. For such other and further relief as the court deems just and proper.

**RESPECTFULLY SUBMITTED** this 17th day of October, 2021.

                                     **SMITH & GREEN**
                                     Attorneys at Law, P.L.L.C.

                                     */s/ James M. Green*

                                     James M. Green
                                     *Attorney for Plaintiff*